IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| John Scott,<br>    Plaintiff,<br><br>v.<br><br>AB EXPRESS TRANSPORT, LLC<br>and BERHANU SELASSIE,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>C.A. No. 4:25-cv-4305<br><br><br><br>A Jury Is Demanded |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Berhanu Berhanu Selassie ("Selassie") and his company AB Express Transport, LLC ("AB Express") (jointly "Defendants") have a business plan that includes hiring non-emergency medical transport drivers and misclassifying them as independent contractors. Defendants do this in order to avoid paying social security and Medicare taxes, unemployment premiums, workers compensation premiums, and overtime pay, and to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff John Scott ("Scott" or "Plaintiff") is one of the many workers hired by Defendants as a driver "contractor." Scott brings this lawsuit on his own behalf

and on behalf of his former co-workers against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

## Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Scott worked for AB Express as a non-emergency medical transport driver ("Driver") from September 2024 until May 23, 2025. As a Driver, Scott's duties consisted of driving an Ab Express Vehicle, picking up individuals to take them to scheduled medical treatments and appointments and returning them to their homes.

2. During the time he worked for AB Express, Scott regularly worked more than 40 hours per week.

3. AB Express paid Scott on an hourly basis. Defendant did not pay Scott an overtime premium for any of the hours he worked over 40 in a workweek. Instead, AB Express paid Scott the same hourly rate for all the hours he worked ("straight time").

4. Scott worked with numerous other individuals who were paid on an hourly basis and who were misclassified as independent contractors. These individuals were also Drivers who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked over 40

per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

## Allegations Regarding FLSA Coverage

5. Defendant AB Express is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, AB Express was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, AB Express regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, AB Express conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, AB Express's employees used or handled goods, tools, equipment, or materials that

traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

10. AB Express was legally required to pay Scott and similarly situated Drivers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for AB Express in excess of 40 in any workweek.

11. Scott worked over 40 hours in many workweeks that he worked for AB Express.

12. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for AB Express.

13. AB Express did not pay Scott time-and-a-half for any of the overtime hours that he worked for AB Express. Similarly, AB Express did not pay the Similarly Situated Workers time-and-a-half for any of the overtime hours that they worked for the AB Express

14. AB Express intentionally misclassified Scott and the other Drivers as independent contractors in order to try to avoid responsibilities that come with having employees: paying social security taxes, paying for unemployment insurance, workers compensation insurance, and to avoid paying overtime to those individuals. In addition to wrongfully taking money and benefits from its employees, AB Express's intentional and knowing actions allowed AB Express to

gain an unfair advantage over its competition in the marketplace.

15.  AB Express knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Scott and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

16.  Selassie is an owner and control person of AB Express. Selassie was and is intimately involved in operating AB Express and has control over the finances of the company. Selassie also formulates the compensation practices of AB Express, including but not limited to deciding to classify AB Express Drivers as independent contractors and to not pay such workers overtime pay for hours that they worked over 40 in any workweek. Selassie is therefore considered an "employer" under the FLSA and is jointly and severally liable to Scott and the other Drivers for unpaid overtime pay and other resulting damages.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17.  Defendants violated the FLSA by failing to pay Scott and Similarly Situated Workers overtime pay for hours worked over 40 per workweek.

18.  Scott and Similarly Situated Workers have suffered damages as a direct result of Defendants' illegal actions.

19. Defendants are liable to Scott and all Similarly Situated Workers for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

20. The Defendants' failure to pay AB Express employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying Drivers on an hourly basis and not paying them overtime pay when they work more than 40 hours in a workweek.  This generally applicable policy is prohibited by the FLSA.  Thus, Scott's experience is typical of the experiences of the Similarly Situated Workers.

21. The class of similarly situated workers is properly defined as:

> **All non-emergency medical transport driver who are/were employed by and paid on an hourly basis by Defendant AB Express Transport, LLC during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

22. Defendant AB Express Transport, LLC is a Texas limited liability company and an "employer" as defined by the FLSA.  This Defendant may be served through its owner/manager/managing member Berhanu Selassie at 1511 Leaf Ct., Sugar Land, Texas 77479.

23. Defendant Berhanu Selassie may be served with process at 1511 Leaf Ct., Sugar Land, Texas 77479.

24. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

25. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Scott and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons working as non-emergency medical transport drivers who are/were employed by and paid on an hourly basis by AB Express Transport, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. A finding that Defendants' violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of

prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA: 15405420
tpadgett@buenkerlaw.com
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF JOHN SCOTT**